UNITED STATES of America, Appellee,

v.

Joseph C. MANN, Jr., Appellant.

No. 82–5132.

United States Court of Appeals, Fourth Circuit.

Submitted June 8, 1983.

Decided July 27, 1983.

John C. Williams, Jr., Spartanburg, S.C., for appellant.

Henry Dargan McMaster, U.S. Atty., Columbia, S.C., Douglas H. Westbrook, Sp.

Asst. U.S. Atty., Greenville, S.C., for appellee.

Before PHILLIPS and CHAPMAN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

PER CURIAM:

The defendant, Joseph C. Mann, Jr., was convicted of receiving or possessing a firearm transferred without payment of tax, 26 U.S.C. §§ 5861(b) and 5871 (1976), and receiving or possessing an unregistered firearm, *id.* §§ 5861(d) and 5871. On appeal, defendant complains that expert testimony came in to identify his weapon as an Hungarian-made machine gun, notwithstanding that the weapons expert never actually saw defendant's gun.

We affirm.

Rule 703 of the Federal Rules of Evidence permits an expert to base his opinion testimony on "facts or data ... made known to him at or before the hearing [in which his testimony is to be offered]. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence." The "facts or data made known" to the weapons expert in this case had their source in a hypothetical question properly propounded to him by the prosecutor:

> I'm going to ask you to assume that the weapon in question was identical to that weapon [referring to a gun already in evidence as an exhibit]; having the infinity sign on it; having three selector positions on the selector switch; having a folding stock being the only difference; not having the word "Valmet" on it; not having the words "Inner Arms Company" on it; and I'm going to ask you to assume those facts and draw any conclusion you can as to what kind of gun [the defendant's was].

Defendant's position is that because the features described by the hypothetical question initially came into evidence through the testimony of a layman, the expert could not base his opinion on them, because they were not of a type reasonably relied on by experts in the field of weaponry. This argument misconceives the plain meaning and logic of Rule 703. It appears that the description of defendant's gun in this case was admitted in evidence through the testimony of one of defendant's acquaintances who had seen the gun. The expert was free to rely on that testimony. We have no doubt that experts in weaponry may rest their opinions as to a weapon's identity on the markings and features of the weapon, whether witnessed firsthand or described by a layman. Of course, the credibility of the witness whose description underlies the expert's opinion may affect the weight ultimately accorded by the trier of fact to the expert's opinion, but it does not make the description a form of evidence not reasonably relied on by experts in the field.

We have considered defendant's other contention and find it also to be without merit.

AFFIRMED.