UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

          v.                                No. 99-4704

DAVID THOMPSON, a/k/a Bam,
                    *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-98-545-DWS)

Submitted: October 20, 2000

Decided: November 2, 2000

Before MICHAEL and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Nicholas A. Lotito, DAVIS, ZIPPERMAN, KIRSCHENBAUM &
LOTITO, Atlanta, Georgia, for Appellant. J. Rene Josey, United
States Attorney, Scarlett Wilson, Assistant United States Attorney,
Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

David Thompson was convicted by a jury of three counts of being a felon in possession of a firearm in violation of 18 U.S.C.A. §§ 922(g), 924(a) (West 2000), and one count of possessing an unregistered modified shotgun in violation of 26 U.S.C. §§ 5841, 5861(d), 5871 (1994). On appeal, Thompson claims that the district court erred by: (1) denying a motion to sever the charges; (2) denying a motion for a directed verdict based upon the Government's failure to prove beyond a reasonable doubt that a firearm crossed state lines; (3) imposing a sentence based on a finding of certain facts beyond a preponderance of the evidence; (4) increasing Appellant's base offense level based on a felony murder analysis; (5) upwardly departing from the Sentencing Guidelines based on a finding that Appellant's criminal history was inadequate; and (6) departing for extreme conduct in light of the allegation that the Sentencing Guidelines range was based on the same facts. Finding no reversible error, we affirm.

This Court reviews a district court's denial of a motion for severance under an abuse of discretion standard. *See United States v. Ford*, 88 F.3d 1350, 1361 (4th Cir. 1996). Offenses may be joined together in the same indictment if they "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Severance is warranted if the defendant would be prejudiced by the joinder. *See* Fed. R. Crim. P. 14. The determination should weigh potential prejudice against the interests of judicial economy. *See United States v. Samuels*, 970 F.2d 1312, 1314 (4th Cir. 1992). When two or more offenses are joined because the offenses are of a same or similar character:

> three sources of prejudice are possible which may justify the granting of a severance under Rule 14: (1) the jury may con-

fuse and cumulate the evidence, and convict the defendant of one or both crimes when it would not convict him of either if it could keep the evidence properly segregated; (2) the defendant may be confounded in presenting defenses, as where he desires to assert his privilege against self-incrimination with respect to one crime but not the other; or (3) the jury may conclude that the defendant is guilty of one crime and then find him guilty of the other because of his criminal disposition.

*United States v. Foutz*, 540 F.2d 733, 736 (4th Cir. 1976) (internal citations omitted).

We find that Thompson was not prejudiced by the joinder and the district court did not abuse its discretion by denying the motion for severance. Joinder was initially proper because the offenses were all of a same or similar character. There is no evidence that the jury was confused or cumulated the evidence. The evidence as to each count was simple and direct. Thompson admitted possessing the weapons relating to counts one, three and four.* (J.A. at 204-05, 213-14). Count two was supported by eyewitness and expert testimony establishing that Thompson possessed a silver revolver that traveled in interstate commerce. Furthermore, it is unlikely that the jury convicted Thompson based upon his criminal disposition. *See Samuels*, 970 F.2d at 1314.

We further find that there was substantial evidence supporting count two of the indictment. The interstate expert's opinion as to the fact that the revolver was not manufactured in South Carolina was based on his own experience, research and consultations. The district court did not abuse its discretion by permitting the expert to testify as to the basis of his opinion, as this was the type of information an interstate nexus expert would rely upon in order to arrive at an opinion. *See* Fed. R. Evid. 703; *see also United States v. Corey*, 207 F.3d 84, 87-91 (1st Cir. 2000); *United States v. Mann*, 712 F.2d 941, 942 (4th Cir. 1983). In addition, we agree with the district court's conclusion that Kelly's admission that there was a possibility that the

---

*He denied owning the weapons.

revolver may have been manufactured in South Carolina did not compel the conclusion that the Government failed to prove its case.

We further find that Thompson's sentence was not affected by *Apprendi v. New Jersey*, 503 U.S. ___, 2000 WL 807189 (U.S. June 26, 2000) (No. 99-478). Thompson's convictions each carried a maximum sentence of ten years' imprisonment. The district court did not impose a sentence for any of the convictions above the statutory maximum.

The district court found that Thompson's conduct with respect to count two of the charges involved possession of a revolver during the commission of another offense, attempted murder, and cross-referenced USSG § 2X1.1. *See U.S. Sentencing Guidelines Manual* § 2K2.1(c)(1)(A) (1998). Pursuant to USSG § 2X1.1(a), the court applied the base offense level for assault with intent to commit murder under USSG § 2A2.1(a)(1) upon finding that the object of Thompson's conduct was first degree murder.

At sentencing, the district court's factual findings are reviewed under the clearly erroneous standard. *See United States v. Gormley*, 201 F.3d 290, 295 (4th Cir. 2000). This Court is reluctant to overturn the district court's factual findings. *See United States v. D'Anjou*, 16 F.3d 604, 614 (4th Cir. 1994). The court's interpretation of the Sentencing Guidelines is reviewed de novo. *See Gormley*, 201 F.3d at 295. We find no clear error in the court's factual findings. Furthermore, we find that the court did not err by applying the base offense level under USSG § 2A2.1(a)(1) on the basis that Thompson's conduct, if completed, would have amounted to felony murder.

We further find that the district court did not abuse its discretion by finding that Thompson's criminal history category did not adequately reflect his prior criminal conduct and the likelihood that he would engage in future criminal conduct. *See Koon v. United States*, 518 U.S. 81, 100 (1996) (review district court's decision to depart for abuse of discretion). An upward departure is warranted if the court finds that the defendant has an "'extensive record' that is not adequately reflected by [his] Criminal History Category, or [ ] whose criminal background shows [him] to 'pose a greater risk of serious recidivism,'" *United States v. Blake*, 81 F.3d 498 (4th Cir. 1996)

(quoting USSG § 4A1.3, comment. (backg'd.)). A court may consider convictions, although too old in time to be assigned criminal history points, if the conduct of the prior convictions is similar to the current convictions. *See* USSG § 4A1.3, comment. (n.8).

Finally, we find that the district court did not abuse its discretion by increasing Thompson's base offense level because of extreme conduct under USSG § 5K2.8. Under USSG § 5K2.0, a departure outside the Sentencing Guidelines range may be warranted if "the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'" (quoting 18 U.S.C. § 3553(b) (1994)). In order for a district court to depart, it must first consider whether the factor it believes warrants a departure is not to be used for such a purpose. *See* USSG §§ 5H1.1 to 5H1.12. On the other hand, if the Sentencing Guidelines state that the factor is to be considered as a basis for departure, the court may depart based upon the factor if the factor is not already considered in the Sentencing Guidelines. *See United States v. Hairston*, 96 F.3d 102, 105-06 (4th Cir. 1996). If the factor is encouraged as a basis for departure and taken into account by the Sentencing Guidelines, then the court may depart "only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." *Koon*, 518 U.S. at 96.

A departure based upon extreme conduct is encouraged. In the instant case, the district court determined that Thompson's conduct was not within the heartland of conduct encompassed by the cross-reference in USSG § 2K2.1(c). "Ordinarily, a determination of '[w]hether a given factor is present to a degree not adequately considered by the Commission' will be made 'in large part by comparison with the facts of other Guidelines cases.' Because of the 'institutional advantage' of district courts in making such factual determinations, appellate courts accord considerable deference to their departure decisions, limiting review on appeal to abuse of discretion." *United States v. Paster*, 173 F.3d 206, 217 (3d Cir. 1999) (quoting *Koon*, 518 U.S. at 98-100).

We affirm Thompson's convictions and sentences. We dispense with oral argument because the facts and legal contentions are ade-

quately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*